## Commonwealth v. Tate

*J. William Ditter, Jr.*, for Commonwealth.

*Alexander Knight*, for defendant.

FORREST, J., May 10, 1956.—Defendant, F r a n k Tate, was indicted on a bill containing counts for: (1) Failing to stop at the scene of a motor vehicle accident, and (2) failing to "give his name, address, and the registration number of his vehicle, and to exhibit his operator's license" at such scene. The case was tried before the writer of this opinion without a jury. Defendant demurred to the evidence as to both counts. The Commonwealth's witness testified that defendant stopped at the scene. There was no evidence that defendant failed to stop and the court, therefore, correctly sustained the demurrer on that count. The question on this motion in arrest of judgment is whether there was sufficient evidence to convict defendant on the other count.

From the Commonwealth's evidence it appears that on December 24, 1955, at approximately 2:30 a.m., defendant was operating a motor vehicle which collided with an automobile owned by James Caterisano and parked in front of a taproom on Maple Street in West Ambler. Defendant got out of his car, surveyed the damage, then moved his car to the side of the road to let another car go by, walked back to Caterisano's car, looked at the damage once more and returned again to his automobile and drove off. At the time of the accident Caterisano was asleep at home and no one was actually attending his automobile.

The Vehicle Code of May 1, 1929, P. L. 905, section 1025, as amended, 75 PS §634, provides: "(b) The driver . . . of any vehicle involved in any accident, resulting in . . . damage to property, shall give his name, address, and the registration number of his vehicle, and exhibit his operator's license to the . . . driver or occupants of any vehicle involved, or the owner or custodian of any property involved . . .".

"(d) The driver of any vehicle . . . which is involved in an accident with any vehicle . . . which is unattended . . . shall then and there either locate and notify the operator or owner of such unattended vehicle, . . . of the name and address of the driver and owner of the vehicle involved in such accident with the unattended vehicle . . . , or shall leave in a conspicuous place, in or upon the unattended vehicle . . . , a written notice, giving the name and address of the driver, and of the owner of the vehicle involved in such accident, and a statement of the circumstances thereof . . .". Violation of subsection (*b*) is a misdemeanor; violation of subsection (*d*) is a summary offense.

Every law should be construed, if possible, to give effect to all of its provisions: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551. This section of The Vehicle Code was considered in Commonwealth v. Kornig, 81 D. & C. 243, 250 (1952). In that case, Judge Bretherick, of Delaware County, well and correctly pointed out that: "It is obvious from the sense of the language that the references to property in subsections (b), (c) and (e) are to *attended* property. . . . Subsection (d) deals with the duties of *the driver, of a vehcle* . . . which is involved in an accident with any vehicle or property which is *unattended*."

If the intention of the legislature had been that both attended and unattended property should come within the purview of subsection (*b*), it seems as if ". . . it would not have gone on to make express provision, in subsection (*d*), for cases involving *unattended* property": Commonwealth v. Kornig, supra, at p. 250. We take it that property is unattended within the meaning of The Vehicle Code, where, as here, the owner or custodian was neither present in the vehicle nor actually caring for it, looking after it or taking charge of it at the time of the accident or where, in short, there

was no one present or at the scene of the accident who might fairly be considered as "attending" to the vehicle.

And now, May 10, 1956, there being insufficient evidence to sustain a verdict against defendant on the second count, defendant is discharged and the case dismissed.